Citation Nr: 1736724 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 11-15 032A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Hartford, Connecticut


THE ISSUE

Entitlement to service connection for hypertension, to include as secondary to service-connected coronary artery disease (CAD). 


REPRESENTATION

Veteran represented by: Ryan Farrell, Agent


ATTORNEY FOR THE BOARD

M. Showalter, Associate Counsel






INTRODUCTION

The appellant is a Veteran who served on active duty from September 1970 to June 1972. This matter is before the Board of Veterans' Appeals (Board) on appeal from a February 2012 rating decision of the Hartford, Connecticut Department of Veterans Affairs (VA) Regional Office (RO). 

The Board previously remanded the claim for further development in January 2014, November 2014, and November 2015. That development, including obtaining outstanding records, VA examination, and addendum opinions, has subsequently been completed, and now the Board will adjudicate the claim. 


FINDINGS OF FACT

1. The Veteran's hypertension did not develop in service and was not caused or aggravated by events in service. 

2. The Veteran's hypertension is not secondary to his service-connected CAD. 


CONCLUSION OF LAW

The criteria for service connection for hypertension, to include as secondary to CAD, are not met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.306 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duty to Notify and Assist

The VCAA, in part, describes the VA's duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016). The VCAA applies to the instant claim. 

The notice requirements have been met. VA's duty to notify was satisfied by letters dated August 2011 and January 2014. See 38 U.S.C.A. § 5102, 5103, 5103A; 38 C.F.R. § 3.159; see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). These letters notified the Veteran of the information needed to substantiate and complete his service connection claim, including notice of information that he was responsible for providing and of the evidence that VA would attempt to obtain. 

Regarding the duty to assist, the Veteran's service treatment records (STRs) and relevant post-service treatment records have been obtained. The agency of original jurisdiction (AOJ) arranged for appropriate VA examination and addendum opinions which were provided in March 2014, June 2015, and February 2017, respectively. The Board finds that the clinical findings and informed discussion of the history and cause of the Veteran's hypertension in the examination are sufficient for rating purposes. See Stefl v. Nicholson, 21 Vet. App. 120, 123-24 (2007); Barr v. Nicholson, 21 Vet. App. 303, 310-11 (2007); Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 299-300 (2008). 

The Board finds that the record as it stands includes adequate, competent evidence to allow the Board to decide the matter on appeal, and that no further evidentiary development is necessary. See generally 38 C.F.R. § 3.159(c)(4). The Veteran has not identified any pertinent evidence that remains outstanding. VA's duty to assist is met and, accordingly, the Board will address the merits of the claim. 

Legal Criteria

Initially, the Board notes that it has reviewed all of the evidence in the record, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). The Board will summarize the relevant evidence as appropriate, and the Board's analysis will focus specifically on what the evidence shows, or fails to show, as to the claim being decided.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for a disease diagnosed after discharge, when the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

Service connection may be established on a secondary basis for a disability caused or aggravated by a service-connected disease or injury. See 38 C.F.R. § 3.310(a); see also Allen v. Brown, 7 Vet. App. 439 (1995) (en banc). To establish a right to service connection for a secondary disability, a Veteran must show: (1) the existence of a present disability; (2) the existence of a service-connected disability; and (3) a causal relationship between the present disability and the service-connected disability. Any increase in severity of a nonservice-connected condition that is caused by a service-connected condition (as opposed to natural progression) will also be service connected. See 38 C.F.R. § 3.310(b).

The determination as to whether these requirements are met is based on an analysis of all the evidence of record and an evaluation of its credibility and probative value. Baldwin v. West, 13 Vet. App. 1 (1999); 38 C.F.R. § 3.303(a). 

Competent (that is, qualified) medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may include statements contained in medical treatises, scientific articles, or research reports. 38 C.F.R. § 3.159(a)(1).

Competent lay evidence means evidence not requiring that the person providing it have specialized education, training, or experience. Lay statements are qualified to establish than an event or circumstance occurred if the statements are provided by a person who has personal knowledge of matters that can be observed and described by a lay person. 38 C.F.R. § 3.159(a)(2). This may include some medical matters, such as describing observable symptoms or reporting that a medical provider gave them a diagnosis in the past. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Lay evidence may be qualified to establish that an event or injury occurred during service, or that a chronic disability began during service. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). 

The Board will grant the Veteran's claim if the evidence supports the claim or is in relative equipoise. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

Factual Background

Service treatment records (STRs) show no treatment or diagnosis for hypertension or high blood pressure while the Veteran was in active service. The first medical records containing indications of a diagnosis for hypertension are in private treatment records dated June 2005, when the Veteran was noted to have high blood pressure after he suffered from a heart attack. 

In medical treatment records dated December 2005, the physician noted that the Veteran had been diagnosed with hypertension, which posed a risk factor for future heart complications. Cardiac evaluation at that time, however, revealed a normal blood pressure response to exercise. 

In correspondence dated August 2011, the Veteran reported that he had suffered from an "erratic heart beat" for most of his adult life, but after receiving a stent in response to his heart attack, he had not experienced similar erratic heart beat symptoms. 

Private cardiac treatment records from October 2011 show normal blood pressure and no reports of palpitations. Additionally, the physician noted that the Veteran's heart had a "regular rhythm and rate." 

In January 2014, the Board remanded the claim in order to obtain a VA examination to address the cause of the Veteran's hypertension, to include whether it was caused or aggravated by his service-connected CAD. In a VA examination dated March 2014, the Veteran reported that he had experienced high blood pressure in 1981 and that since a heart attack in 2005, he had taken medication to treat high blood pressure. The examiner noted, however, that the Veteran had not been diagnosed with hypertension. The examiner noted that there was no treatment for hypertension while in service, that there was no diagnosis of hypertension, and that the Veteran's CAD was not a risk factor for his hypertension. The examiner noted that the Veteran had "episodic rises of blood pressure [including] when he had a corneal abrasion (September 2004) and ...cardiac event (June 2005)," but overall did not have a diagnosis of hypertension. 

In November 2014, the Board remanded the claim in order to obtain a VA addendum opinion to address evidence that provided a diagnosis of hypertension. 

In an addendum opinion provided in June 2015, the examiner noted that the Veteran was diagnosed with hypertension. He also noted that there was no evidence of hypertension before a heart attack in 2005 and that periods of high blood pressure before this time were tied to other injuries, such as an eye injury or heart attack. The examiner opined that the Veteran's hypertension was not caused or incurred by events in service. 

In November 2015, the Board remanded the claim again to obtain an addendum opinion to address whether the Veteran's service-connected CAD aggravated his diagnosed hypertension. 

In VA treatment records dated July 2016, the physician noted that the Veteran's hypertension was "well-controlled." Treatment records noted that the Veteran reported first being diagnosed with hypertension after his heart attack in 2005. 

In a February 2017 addendum opinion, the examiner noted that the Veteran's hypertension was less likely than not caused or aggravated by his service-connected CAD, because medical evidence does not show that CAD causes hypertension. Additionally, the examiner noted that there was no documentation of hypertension prior to the Veteran's heart attack, including during the Veteran's active service to support a finding that his disability was caused by events in service. 

Analysis

The Board finds that service connection for hypertension is not warranted. While the Veteran suffers from a diagnosis of hypertension, there is no evidence that would allow the Board to find that events in service caused his disability or that his service-connected CAD caused or aggravated his disability. Without evidence of a nexus, or link, between his hypertension and events or disabilities related to service, the Board cannot grant the claim for service connection. 

As noted above, previous VA examinations and addendum opinions have opined that the Veteran's hypertension was not caused by events in service. STRs are devoid of any evidence that would indicate that he developed this disability during his active service or that some event in service would lead later to the development of high blood pressure. 

Additionally, examiners have found that the Veteran's CAD did not cause and has not aggravated his hypertension. These examiners relied on medical evidence that provided CAD is not a risk factor for developing hypertension. They noted that while hypertension may be a risk factor for developing CAD, the converse is not true and not supported by medical evidence. Based on these opinions, the Board finds that there is no evidence to support a finding that the Veteran's service-connected CAD caused or aggravated his hypertension. 

While the Veteran has stated that he had hypertension beginning in 1981, there are no medical records or other evidence in the claims file to support his statement. While the Veteran is competent to report his symptoms, such as heart palpitations, he is not qualified to provide medical diagnoses, which requires the requisite medical knowledge and training. See 38 C.F.R. § 3.159(a)(1); Jandreau, 492 F.3d at 1372 (2007). But, even if the Veteran was diagnosed with hypertension at this time, there is still no evidence in the record to support a finding that his diagnosis of hypertension was caused by events in service or aggravated by his service-connected CAD. 

Overall the Board does not have the evidence necessary to show that any event in service or a service-connected condition caused or aggravated the Veteran's hypertension. Without this evidence, the claim must be denied. 

The Board is grateful for the Veteran's honorable service. This decision is not meant to detract from that service. However, the Board must make its decision based on the evidence and the law, and cannot grant benefits on an equitable basis. 


ORDER

Entitlement to service connection for hypertension is denied. 



____________________________________________
A. S. CARACCIOLO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs